Mr. Justice Richardson
delivered the opinion of the court :
The agreement to pay five hundred dollars was set forth in a letter by the testator, and the terms accepted by the plaintiff But at the foot of the agreement, these words were added, to wit:
“ I also further say, that should the above named M. Thompson, in my opinion, merit or deserve more than five hundred dollars, I will give him more.”
(Signed,) Rob’t Nesbit.
And the question submitted is, whether the executors are bound to pay more than the five hundred dollars ?
If is evident from the restrictive words, “ in my Opin *473 ion merit,” &c. that the testator meant no more than td hold out the prospect of an indefinite reward upon the contingency of the defendant’s giving him satisfaction. — ■ He meant to afford an incentive to activity and good conduct ; and the very object of the hoped for reward, requires that it should depend upon the will and opinion of the promiser. To make such a contingent and imperfect promise a binding obligation in law would be to destroy the end for which the lure was held out. After having once turned off'his overseer for misbehavior, Nesbii reasoned, naturally, from what had passed, and contracted anew, with greater caution drawn from experience, and therefore resolved to beep the alluring bait within his own control. His policy is obvious, and is not unlike that observed by a skilful fowler towards his trained hawk, whose instinct being known, is therefore kept alert by hunger until the game be taken.
JDunkin, for the motion.
Simons, contra.
My falcon now is sharp, and passing empty,
And till she stoop, she must not be full gorged,
For then,-she never looks upon her lure.
The jury were therefore mistaken in forcing the payment of what was intended as a gratuity, to be apportioned by the employer, according to the conduct and success of his overseer; and a new trial is granted, unless the plaintiff will release one hundred dollars from the amount of the verdict.
Justices Johnson, Noti and Huger, concurred,